William G. Fig, WSBA 33943
wfig@sussmanshank.com
Susan S. Ford, WSBA 33415
sford@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205
Telephone: (503) 227-1111
Facsimile: (503) 248-0130

Attorneys for Green Tree Servicing, LLC

Hon. James L. Robart

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| ADRIAN STEADMAN, | ) Case No. 2:14-cv-00854-JLR |
|---|---|
| Plaintiff, | ) GREEN TREE SERVICING LLC'S MOTIONS *IN LIMINE* TO EXCLUDE EVIDENCE |
| v. | |
| GREEN TREE SERVICING, LLC, et al., | ) ORAL ARGUMENT REQUESTED |
| Defendants. | ) (NOTE ON MOTION CALENDAR: May 15, 2015) |

## INTRODUCTION AND FACTUAL BACKGROUND

Defendant Green Tree Servicing, LLC ("Green Tree") is the current loan servicer of Plaintiff's 2003 mortgage loan with Countrywide Home Loans, Inc. (the "Loan"). On or about June 1, 2013, Green Tree received a transfer of the servicing rights to the Loan (the "Transfer") from Bank of America ("BANA"), which acquired the Loan from Countrywide.

/ / /

/ / /

GREEN TREE SERVICING LLC'S MOTIONS IN LIMINE TO EXCLUDE EVIDENCE - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

Plaintiff asserts four claims[1] against Green Tree related to its servicing of the Loan – breach of contract, breach of the covenant of good faith and fair dealing, negligence and violation of the Washington Consumer Protection Act.  Each claim shares a common essential factual allegation that Green Tree failed to recognize or honor an alleged permanent loan modification agreement entered into by Plaintiff and BANA prior to the Transfer.  Green Tree denies Plaintiff obtained a permanent loan modification from BANA, and that Green Tree did anything legally improper in servicing the Loan according to the terms apparent from Plaintiff's loan file after the Transfer.

Green Tree hereby moves *in limine* to prohibit Plaintiff from offering inadmissible testimony and documents, and from making related arguments at trial, regarding the purported loan modification agreement between Plaintiff and BANA (whom Plaintiff has elected not to sue).  Further, Green Tree moves to prohibit Plaintiff from offering inadmissible documents, and from making related arguments at trial, regarding Green Tree's purported improper servicing of loans of persons <u>other than</u> Plaintiff to establish Green Tree's alleged liability in this case.

Green Tree's counsel has conferred in good faith with Plaintiff's counsel to determine whether the parties could resolve these matters pursuant to LR 7(d)(4), but the parties were unable to reach agreement.

## MOTIONS AND ARGUMENT

**Motion 1**:  Green Tree moves to prohibit Plaintiff from offering a document which Plaintiff faxed from "A Better Day Salon" to Green Tree on September 13, 2013 (the "Faxed Document"), as a true and correct copy of the purported loan modification agreement Plaintiff signed and delivered to BANA.  *See*, Exhibits 1 and 2 to the

---

[1] *See*, Amended Complaint for Declaratory and Injunctive Relief and for Damages [Dkt. #17]. The Amended Complaint includes a fifth claim for violation of the Mortgage Loan Servicing Act, but Plaintiff conceded it in pending summary judgment proceedings. Plaintiff's Opposition to Defendant's Motion for Summary Judgment, p. 19 [Dkt # 30].

GREEN TREE SERVICING LLC'S MOTIONS IN LIMINE
TO EXCLUDE EVIDENCE - Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  Declaration of Susan S. Ford ("Ford Decl.") filed herewith.  The Faxed Document is not
2  the same as the authentic version of the loan modification agreement Plaintiff identified
3  and attached to his sworn responses to Green Tree's First Set of Interrogatories and
4  Requests for Production of Documents to Plaintiff.  Ford Decl., p.2, ¶ 3 and Exhibit 3
5  (excerpt).  The authentic version is dated August 29, 2012, one day <u>after</u> the
6  acceptance deadline specified by BANA for return of the signed proposed loan
7  modification agreement.  *Id.*  The Faxed Document over a year later shows a signature
8  date of August 27, 2012.

9  If offered by Plaintiff, the Faxed Document is inadmissible hearsay under Federal
10 Rule of Evidence ("Rule" or "Rules") 801(c) and 802 because Plaintiff will offer the
11 document to prove he timely signed and returned the proposed loan modification
12 document before BANA's deadline.  Moreover, under Rule 901(a) the document is
13 inadmissible because, given Plaintiff's sworn response that the August 29, 2012 version
14 of the loan modification agreement is authentic, Plaintiff will be unable to establish that
15 the Faxed Document with a different date is authentic.  Finally, the Faxed Document is
16 irrelevant because it is both inauthentic and because the value, if any, of its introduction
17 into evidence is substantially outweighed by the danger of misleading the jury under
18 Rule 403.  For the same reasons, the inauthenticity of the Faxed Document also
19 precludes its use as evidence of any legally effective notice to Green Tree of a binding
20 loan modification agreement between Plaintiff and BANA.

21 **Motion 2**:  Green Tree moves to prohibit Plaintiff from offering Plaintiff's testimony
22 regarding multiple oral out-of-court statements allegedly made by BANA employee Eric
23 Ngo and other unidentified BANA representatives to Plaintiff to establish that BANA
24 modified, contradicted or waived any term or terms of: (a) a BANA letter dated August
25 18, 2012 to Plaintiff (offering and enclosing the proposed loan modification agreement
26 and specifying the terms for acceptance); (b) a BANA letter dated October 18, 2012

GREEN TREE SERVICING LLC'S MOTIONS IN LIMINE
TO EXCLUDE EVIDENCE - Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

regarding cancellation of the BANA loan modification offer; and (c) any and all notices of deficiency or default with respect to Plaintiff's mortgage loan.  Examples of such testimony are set forth in the Declaration of Adrian Steadman [Dkt. # 32] at p. 2, lines 7-11, 14-17, 23-25; p. 3, lines 24-25; and p. 4 lines 2-5 (including, without limitation, that his loan modification "was complete," his "actions were sufficient to accept the loan modification offer" and "the final paperwork was still processing so I should ignore any letters I received indicating otherwise") as well as in Plaintiff's deposition testimony.

Such evidence constitutes inadmissible hearsay under Rule 801(c) and 802, and is also precluded by RCW 19.36.010(1).

**Motion 3**:  Green Tree moves to prohibit Plaintiff from offering his testimony characterizing as "rude" or unprofessional certain oral statements allegedly made to Plaintiff from time-to-time by various Green Tree customer service representatives regarding the default status of Plaintiff's Loan.  One example of such testimony was provided by Plaintiff in his deposition.  *See*, Ford Decl. Exh. 4 (excerpt)  This material is not relevant to any claim asserted by Plaintiff in this case, and the dubious value, if any, of admitting such statements is substantially outweighed by the danger it will confuse or mislead the jury on relevant issues, prejudice Green Tree, and waste the time of the Court and the parties.  Admission of this evidence should be precluded under Rules 402 and 403.

**Motion 4**:  Green Tree moves to prohibit Plaintiff from offering any lay testimony, lay opinion or lay legal conclusions to establish that certain recorded documents (the assignment of the deed of trust and beneficiary declaration regarding the promissory note related to Plaintiff's mortgage loan), *see* Exhs.1, 2 to the Declaration of Kathleen Box ("Box Decl.")[Dkt # 31], establish that Green Tree "assumed" any and all liabilities of BANA relating to the alleged modification of Plaintiff's mortgage loan.

GREEN TREE SERVICING LLC'S MOTIONS IN LIMINE
TO EXCLUDE EVIDENCE - Page 4

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

To the extent that Plaintiff offers such testimony, it should be prohibited under Rule 701 as an impermissible lay opinion or legal conclusion.  The legal effect of such documents is a question for the Court, not the jury.  Such testimony would not be rationally based upon Plaintiff's own perceptions, not helpful to a determination of any fact in issue, and is not based upon any specialized or even personal knowledge of the Plaintiff.

**Motion 5**: Green Tree moves to prohibit Plaintiff from offering documents reflecting out-of-court statements made by unidentified third parties in the form of excerpted "complaints" to the Washington Attorney General, or any other state or federal agency, regarding Green Tree's alleged actions and communications with respect to mortgage loans other than the Plaintiff's Loan.  Examples are attached as Exh. 3 to the Box Decl. [Dkt # 31] (excerpts of six unsigned "consumer complaints" submitted to the Washington Attorney General's office), which are apparently being offered to: (a) establish that, notwithstanding the lack of any evidence thereof in this case, Green Tree "must have" acted similar to the allegations in the six unsigned consumer complaints and ignored the alleged loan modification supposedly finalized between Plaintiff and BANA; and/or b) satisfy the "public interest" element of Plaintiff's Washington Consumer Protection Act claim against Green Tree [*See*, Dkt. # 30 pp. 17-18].  As such, they are inadmissible hearsay under Rule 802, and not subject to any exception.

These and any similar documents Plaintiff may offer at trial are also not relevant to any of Plaintiff's claims against Green Tree.  First, the evidence cannot be admitted at all without first laying the foundation that: (a) Plaintiff actually obtained a permanent loan modification from BANA -- the critical issue in this case – and; (b) that the existence of that "contract" should have been evident to Green Tree from review of the BANA loan file.  Rule 104(b).  Second, and supposing Plaintiff overcomes these foundational requirements, Rule 404(b) bars admissibility of this kind of "character" or

GREEN TREE SERVICING LLC'S MOTIONS IN LIMINE
TO EXCLUDE EVIDENCE - Page 5

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

propensity evidence of specific acts of alleged misconduct in other instances to show that Defendant, or its representatives, acted in conformity in dealing with Plaintiff in this case. Rule 404(b) provides in relevant part: "[e]vidence of a … wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Moreover, evidence of the six consumer complaints is inadmissible to prove a propensity under Rule 405 because they do not constitute "testimony" or an admissible opinion about Defendant's reputation.

For similar reasons, the six consumer complaints are not admissible as a "habit" or a "routine practice" of Green Tree under Rule 406. Plaintiff will be unable to lay a proper foundation, and the Court in determining a preliminary question as to admissibility under Rules 104(a) and (b), will have no basis to conclude that six consumer complaints are a sufficient quantum of evidence to constitute a "habit" or a "routine practice" of Green Tree for purposes of applying Rule 406.

Finally, the six consumer complaints and similar evidence are not relevant or admissible in this case under Rule 403. Any probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Green Tree, confusing the issues, misleading the jury, and wasting the time of the Court and the parties.

**Motion 6**: Green Tree moves to prohibit Plaintiff from offering at trial a document, or documents, reflecting settlements entered into at any time by and between Green Tree and any third party, including, without limitation, any federal or state government agency, and any related settlement amounts, damages and penalties, on grounds such evidence is not relevant to establishing any of Plaintiff's claims asserted in this action, is unduly prejudicial, and constitutes inadmissible hearsay. Related news articles should also be excluded. An example of such a settlement which Plaintiff intends to offer at trial is the recent Stipulated Order for Permanent Injunction and Monetary Judgment

GREEN TREE SERVICING LLC'S MOTIONS IN LIMINE
TO EXCLUDE EVIDENCE - Page 6

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

filed April 23, 2015, in the United States District Court for the District of Minnesota in *Federal Trade Commission et. al. v. Green Tree Servicing, LLC,* Case No. 15-cv-02064 (SRN-JSM) [Dkt. #5] (the "FTC Settlement").  In the FTC Settlement, Green Tree admits only the facts alleged in the Complaint to establish jurisdiction, but neither admits nor denies any of the other allegations except as expressly stated in the FTC Settlement, which also provides that redress provided by Green Tree shall not prevent it from asserting in a related consumer action that a consumer should not recover for amounts paid under the FTC Settlement.  *See*, Ford Decl., p. 2, ¶ 5, and Exh. 5, pp. 2, 9-10 (excerpt).

The Court should prohibit Plaintiff from introducing the FTC Settlement, any other settlement between Green Tree and any third party under Rule 403, and any related news articles, because the probative value, if any, of such evidence in this case to show either liability or the "public interest" is substantially outweighed by the danger that the jury will be misled and provide this Plaintiff a verdict when there is no evidence of any culpable conduct or breach of duty by Green Tree in this case.  The District Court for the Western District of Washington has previously precluded the use of such evidence for the same reasons noting substantial possible prejudice. *See*, *Costco Wholesale Corp. v. Au Optronics Corp,* 2014 US Dist. LEXIS 132145, at 6 (WD Wa 2014).

In addition, such evidence should be inadmissible for the same reasons set forth in Motion 5, above, and pursuant to Rule 407, which prohibits admission of subsequent remedial measures as evidence of culpable conduct.  Finally, to the extent that the Court would conditionally consider admission of such evidence, it should first require Plaintiff to satisfy preliminary questions of relevance pursuant to FRE 104(b), including that he first establish he actually obtained a permanent signed loan modification from

/ / /

/ / /

GREEN TREE SERVICING LLC'S MOTIONS IN LIMINE
TO EXCLUDE EVIDENCE - Page 7

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1 BANA and Green Tree knowingly ignored or refused to honor it.  Plaintiff will be unable
2 to do so.

      Respectfully submitted this 27th[th] day of April, 2015.

SUSSMAN SHANK LLP

By: /s/ *Susan S. Ford*
Susan S. Ford, WSBA 33415
sford@sussmanshank.com
William G. Fig, WSBA 33943
wfig@sussmanshank.com
Attorneys for Green Tree Servicing, LLC

26 *22428-019/22428-019 -- GREEN TREE'S MOTIONS IN LIMINE (02089580X7AC43) (02091073);1

GREEN TREE SERVICING LLC'S MOTIONS IN LIMINE
TO EXCLUDE EVIDENCE - Page 8

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

# CERTIFICATE OF SERVICE

THE UNDERSIGNED certifies:

My name is Debra L. Roos.  I am a citizen of Washington County, state of Oregon, over the age of eighteen (18) years, and not a party to this action.

I certify that on April 27, 2015, I served, via first class mail, a full and correct copy of the foregoing **GREEN TREE SERVICING LLC'S MOTIONS *IN LIMINE* TO EXCLUDE EVIDENCE** to the party of record, addressed as follows:

Kathleen S. Box
Leen and O'Sullivan
520 E. Denny Way
Seattle, WA  98122-2138

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  April 27, 2015.

/s/ Debra L. Roos
_____
Debra L. Roos, Legal Assistant

CERTIFICATE OF SERVICE

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130