William G. Fig, WSBA 33943
wfig@sussmanshank.com
Susan S. Ford, WSBA 33415
sford@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205
Telephone: (503) 227-1111
Facsimile: (503) 248-0130

Attorneys for Green Tree Servicing, LLC

Hon. James L. Robart

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ADRIAN STEADMAN,<br><br>                Plaintiff,<br>v.<br><br>GREEN TREE SERVICING, LLC, et al.,<br><br>                Defendants. | Case No. 2:14-cv-00854-JLR<br><br>GREEN TREE SERVICING LLC'S MOTIONS *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE<br><br>ORAL ARGUMENT REQUESTED<br><br>(NOTE ON MOTION CALENDAR: May 28, 2015) |

**LCR 7(d)(4) COMPLIANCE**

Defendant Green Tree Servicing, LLC ("Green Tree") counsel has conferred in good faith with Plaintiff's counsel to determine whether the parties could resolve these matters pursuant to LR 7(d)(4), but the parties were unable to reach agreement.

On April 27, 2015, Green Tree filed its Motions *in Limine* Nos. 1 through 6, Docket No. 35. Thereafter, on May 20, 2015, Plaintiff's counsel advised Plaintiff intends to offer Fannie Mae's Servicing Guides for 2012 and 2013 ("Servicing Guides") as exhibits in this case. Plaintiff had not previously disclosed or produced either document

GREEN TREE SERVICING LLC'S MOTION IN LIMINE
NO. 7 TO EXCLUDE EVIDENCE - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

in discovery. For the reasons set forth below, these Servicing Guides are not relevant to this matter.

Because Plaintiff had not previously disclosed or produced the documents and because they are not relevant, Green Tree did not expect Plaintiff to attempt to offer them as evidence. Therefore, Green Tree did not include this Motion *in Limine* No. 7 with its other Motions *in Limine* filed on April 27, 2015. Plaintiff's May 20, 2015 disclosure that he intends to use the documents as trial exhibits requires Green Tree to file this Motion *in Limine* No. 7.

Based on the foregoing, good cause exists for this Motion *in Limine* No. 7 to be noted for consideration on May 28, 2015, the same date as the Court's pretrial conference with the parties.

**INTRODUCTION AND FACTUAL BACKGROUND**

Green Tree is the current loan servicer of Plaintiff's 2003 mortgage loan with Countrywide Home Loans, Inc. (the "Loan"). On or about June 1, 2013, Green Tree received a transfer of the servicing rights to the Loan (the "Transfer") from Bank of America ("BANA"), which acquired the Loan from Countrywide.

**MOTION AND ARGUMENT**

Green Tree moves to prohibit Plaintiff from offering the Servicing Guides at trial on grounds such evidence is not relevant to establishing any of Plaintiff's claims asserted in this action and is unduly prejudicial. Among other things, the Servicing Guides, like pooling and servicing agreements, set forth the rights and obligations between the lender and servicer. This Court has previously rejected borrowers' attempts to assert claims under pooling and servicing agreements between a lender (like Fannie Mae) and a servicer (like BANA or Green Tree), because borrowers are not parties to these agreements and lack standing to enforce them. See *Ogorsolka v.*

GREEN TREE SERVICING LLC'S MOTION IN LIMINE
NO. 7 TO EXCLUDE EVIDENCE - Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

*Residential Credit Solutions, Inc.*, 2014 U.S. Dist. LEXIS 180566; *Frazer v. Deutsche Bank National Trust Company*, 2012 U.S. Dist. LEXIS 69883.

The issue with the Servicing Guides is the same. The Servicing Guides do not confer any rights or obligations on Plaintiff. Plaintiff is not a party to the Servicing Guides. Rather, the Servicing Guides set forth the relationship, rights, and obligations between Fannie Mae and the servicer (BANA or Green Tree). Thus, as with the pooling and servicing agreements, Plaintiff lacks standing to enforce or assert a claim under the Servicing Guides.

Because Plaintiff cannot use the Servicing Guides to show that Green Tree breached any duty to him, the Servicing Guides are not relevant to any claim asserted by Plaintiff in this case. The dubious value, if any, of admitting the Servicing Guides is substantially outweighed by the danger they will confuse or mislead the jury on relevant issues, prejudice Green Tree, and waste the time of the Court and the parties. Admission of this evidence should be precluded under Rules 402 and 403.

Respectfully submitted this 26th day of May, 2015.

SUSSMAN SHANK LLP

By: */s/ Susan S. Ford*
Susan S. Ford, WSBA 33415
sford@sussmanshank.com
William G. Fig, WSBA 33943
wfig@sussmanshank.com
Attorneys for Green Tree Servicing, LLC

*22428-019\GREEN TREE'S MOTION IN LIMINE NO 7 (02112538);1

GREEN TREE SERVICING LLC'S MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE - Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130